UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY DAVENPORT,

    Petitioner,                                           Case No. 16-cv-14442
                                                        Hon. Matthew F. Leitman

v.

JOSEPH BARRETT,

    Respondent,
_____/

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (ECF #1) WITHOUT PREJUDICE AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Petitioner Gary Davenport ("Davenport") is confined at the Cotton Correctional Facility in Jackson, Michigan. On December 21, 2016, Davenport filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for first-degree criminal sexual conduct (the "Petition"). (*See* ECF #1.)

On January 3, 2017, Magistrate Judge R. Steven Whalen signed an "Order to Correct Deficiency," in which the Court ordered Davenport to submit two copies of the Petition in order for the Clerk of the Court to effect service upon the Respondent and the Michigan Attorney General's Office (the "Deficiency Order"). (*See* ECF #4.) The Deficiency Order provided Davenport thirty days to comply with the order. (*See id.*) The Deficiency Order also expressly warned Davenport that his failure to comply with the order could result in dismissal of his action. (*See id.*) To date, Davenport has failed to submit the copies of the Petition as the Deficiency Order required. For the reasons stated below,

1

Davenport's action is dismissed without prejudice because of his failure to comply with the Deficiency Order.

**I**

The rules governing habeas actions require the Clerk of the Court to serve a copy of a habeas petition and a copy of any order requiring responsive pleadings on the respondent and on the Attorney General for the State of Michigan by first class mail as provided in Rule 4 of the Rules Governing § 2254 Cases, Rule 4. See *Coffee v. Harry,* 2005 WL 1861943, *2 (E.D. Mich. Aug. 2, 2005). It is Davenport's responsibility to provide these copies to the Court of the Clerk in order to effectuate service and Davenport's failure to include these copies of the Petition in his initial application rendered the habeas application deficient. See *Moore v. Hawley,* 7 F.Supp.2d 901, 903 (E.D. Mich. 1998).

A district court may *sua sponte* dismiss a habeas action pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute or to comply with any court order. See *Adams v. Justice,* 145 Fed. App'x 889, 890 (5th Cir. 2005); *Norlander v. Plasky,* 964 F. Supp. 39, 41 (D. Mass. 1997). Because Davenport failed to comply with the Deficiency Order by submitting the required copies of the Petition, the Petition is subject to dismissal for want of prosecution. See *Gravitt v. Tyszkiewicz,* 14 Fed. App'x 348, 349 (6th Cir. 2001) (affirming dismissal of habeas petition for want of prosecution after petitioner failed to comply with district court's deficiency order).

As a result of Davenport's failure to comply with the Deficiency Order, the Court will dismiss the Petition without prejudice. The Court also declines to issue Davenport a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must

make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate such a denial, an applicant is required to show that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Here, jurists of reason would not debate the Court's conclusion that Davenport has not met the standard for a certificate of appealability.

## II

For the reasons stated above, **IT IS HEREBY ORDERED** that the Petition (ECF #1) is **DISMISSED WITHOUT PREJUDICE**. Nothing in this Order precludes Davenport from submitting a new habeas petition with payment of the filing fee or the *in forma pauperis* application that complies with the local rules and requirements of this Court.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: February 28, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 28, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113